(131 So. 43)

**HURSEY TRANSP. CO., Inc., v. KOSS CONST. CO.**

**In re KOSS CONST. CO.**

No. 30875.

Nov. 3, 1930.

Dymond & Levy and George C. Schoenberger, Jr., all of New Orleans, for relator.

Sidney W. Provensal, of New Orleans, for respondent.

THOMPSON, J.

This is a suit for damages to certain barges owned and operated by plaintiff, which damage it is alleged was caused by the negligence, carelessness, and want of skill on the part of the employees of defendant in unloading a shipment of sand and gravel consigned to the defendant.

The suit was filed on May 30, 1930, and on June 12th exceptions of vagueness and of no cause of action were filed by counsel for defendant who reside in a parish different from that in which the suit was pending.

The exceptions were sent by mail, and the clerk was requested to notify counsel when the exceptions were fixed for trial.

On the day following the filing of the exceptions the clerk wrote counsel for defendant that the exceptions had been received and filed, and that he would notify counsel when said exceptions were fixed for argument.

Nothing further was done until July 14th when on motion of counsel for plaintiff the exceptions were fixed for argument the next day, July 15th.

On the day so fixed the exceptions were by the court referred to the merits, and thereupon, on motion of counsel for plaintiff, a default was entered, and confirmation of said default was assigned for Saturday July 19th.

On the day thus fixed, which was the last day of the term of court, the case was taken up for confirmation of the default, and judgment was rendered in favor of the plaintiff for the full amount of the damages claimed.

The counsel for defendant were not present when the exceptions were fixed for argument, nor when said exceptions were referred to the merits, nor were counsel present at any of the subsequent proceedings had in the case resulting in the judgment confirming the default. The clerk did not notify counsel of the fixing of the exceptions for argument as he had promised, nor were counsel notified of any of the other proceedings taken in the case.

After the delay for a suspensive appeal had elapsed counsel for the plaintiff wrote counsel for the defendant demanding payment of the judgment.

On August 7th the defendant filed suit to annul the judgment confirming the default, and prayed for an order staying execution of the judgment pending a hearing on the demand.

The district judge declined to stay the execution of the judgment, but ordered a rule to issue to the plaintiff to show cause on a day fixed why the judgment complained of should not be annulled.

Thereafter, on August 9th, the defendant filed another petition setting up the nullity of the judgment and praying for a restraining order and for a preliminary injunction, and in due course that the judgment be annulled and set aside and a perpetual injunction be issued forbidding the execution of the judgment.

The district judge declined to issue the order as prayed for, "for the reason, that the judgment complained of is a judgment taken in open court under the usual procedure in this district, it appears to be valid on its face and the time for a suspensive appeal has expired."

Thereupon application was made to this court for remedial writs in the exercise of the court's supervisory powers.

We are not presently concerned with the nullity of the judgment rendered and of the proceedings had leading up to said judgment.

We are of the opinion however that the defendant was entitled to be heard in support of his action for the nullity of the judgment and was entitled to have the execution of the judgment stayed until such hearing could be had.

This right it is manifest was denied the defendant.

It is true the first order for a stay of execution was denied because, in the opinion of the court, such an order could not be granted until after a hearing of both parties to the suit, and it is true that the court in that order did issue a rule for a hearing on the question of the nullity of the judgment, but in the subsequent order the court declined to issue a

stay order and declined in effect to issue a rule on the application for a preliminary injunction, because, as the court said, the judgment appeared to be valid on its face and the time for a suspensive appeal had expired.

The proper procedure would have been for the judge to issue a rule on the plaintiff to show cause why a preliminary injunction should not be issued and the execution of the judgment should have been stayed until the rule was heard.

The suit in nullity presents serious grounds of complaint, and the court was not justified in denying the defendant the right afforded him by law to be heard in such action because in the opinion of the court the judgment was valid on its face.

Nor would a hearing on the merits of the action afford the defendant adequate relief unless in the meantime the execution of the judgment was prevented.

Since the court below has declined to stay the execution of the judgment and has declined to issue a rule to show cause why a preliminary injunction should not be issued, we have concluded that a proper case is presented in which this court should order a preliminary injunction to issue pending a hearing on the action in nullity.

The writs herein issued are made peremptory, and it is now ordered that the district judge of the Twenty-Second district in and for the parish of St. Tammany issue a preliminary injunction as prayed for by defendant upon such bond as the judge in his discretion may require, the said injunction to remain in full force and effect until a hearing is had on the merits of the action in nullity. The plaintiff is to pay the costs of the proceeding in this court.